Filed 3/23/23  In re R.R. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re R.R., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B322376 (Super. Ct. No. 21JV00202) (Santa Barbara County) |
| SANTA BARBARA COUNTY CHILD WELFARE SERVICES,    Plaintiff and Respondent, v. ROBERT R. et al.,    Defendants and Appellants. | |

T.P. (Mother) and Robert R. (Father) appeal from the juvenile court's order terminating their parental rights to their

1

son, R.R. (Welf. & Inst. Code,[1] § 366.26.) They contend the case should be remanded for compliance with the inquiry requirements of the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related provisions of California law (§ 224.2). Respondent, Santa Barbara County Child Welfare Services (CWS), concedes it did not comply with its duty of further inquiry. We conditionally affirm the judgment and remand for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

In May 2021, CWS petitioned the juvenile court to detain R.R. R.R. was placed with the mother of R.R.'s paternal half-brother.

In the detention report, CWS reported that it questioned both parents regarding their Indian ancestry. Mother stated her paternal great grandmother was full-blooded Cherokee Indian from Oklahoma. Mother did not provide other information regarding the family's Indian ancestry and did not know her great grandmother's name. She provided the name of her father and state of residence but not his phone number. Father initially stated he was "full[-]blood[ed] Chumash Indian from the Santa Ynez Tribe," but later clarified that his uncle was married to someone with Chumash ancestry. He said there was no Indian ancestry in his blood family. Father also provided his father's name, disclosed that he lived with his paternal grandfather, and provided his home address.

At the detention hearing, Mother said her father's "great grandmother or maybe one further than great grandmother is a full-blooded Cherokee." Mother said she would call her aunt for

_____

[1]Further unspecified statutory references are to the Welfare and Institutions Code.

2

more information and report the information to CWS. Father again denied Indian ancestry. He filed a Parental Notification of Indian Status form (ICWA-020) declaring that none of the factors indicating Indian status applied.

In June 2021, CWS filed an amended petition. It attached a form indicating it completed its initial inquiry by asking Mother and Father about R.R.'s Indian status and that CWS had reason to believe the child is or may be an Indian child. CWS also indicated it contacted the relevant tribes.

In the jurisdiction/disposition report, CWS reported it mailed Mother an ICWA questionnaire via certified mail in early June 2021. The report included a section titled "Social Study/Family Assessment," which stated that Mother maintains a good relationship with her father, who moved to Oklahoma, and that she communicates with him often. In a section titled "Consideration [o]f Relative Placements," CWS reported that it conducted a family finding search using an online service and found four maternal relatives and nine paternal relatives. CWS sent letters to each relative. The report did not include a copy of the letter nor include any information about inquiry into R.R.'s possible Indian ancestry.

At the jurisdiction/disposition hearing, the juvenile court sustained the allegations in the amended petition and ordered reunification services for Mother and Father. In the six-month review report, CWS recommended the juvenile court terminate family reunification for both parents and set a section 366.26 hearing. It included no new information regarding ICWA. At the six-month review hearing, the juvenile court terminated reunification services for both parents and set a section 366.26 hearing.

The section 366.26 report recommended the juvenile court terminate Mother and Father's parental rights and select adoption as the permanent plan. It also recommended the court find ICWA not applicable to R.R. CWS included an ICWA matrix, reporting that it mailed Mother an ICWA questionnaire and contacted Mother multiple times in June 2021 and January and February 2022 without receiving a response.

CWS also reported sending ICWA inquiries and family trees to the Cherokee Nation, the Eastern Band of Cherokee Indians, the United Keetoowah Band of Cherokee Indians in Oklahoma, and the Bureau of Indian Affairs (BIA). The inquiries and family trees listed Mother, Father, and R.R., but it omitted maternal grandfather's name and his state of residence (Oklahoma).

CWS received responses from all entities except for the United Keetowah Band of Cherokee Indians. The Cherokee Nation reported that neither Mother or Father nor R.R. were registered as Cherokee tribal citizens and that R.R. was not an Indian child pursuant to ICWA. The representative stated that "[a]ny incorrect or omitted information could invalidate this determination." The BIA reported that the notice from CWS contained "insufficient information to determine Tribal affiliation." The Eastern Band of Cherokee Indians responded that based on the information it received from CWS, R.R. was not registered or eligible to register as a member of its tribe.

At the initial section 366.26 hearings, the juvenile court found ICWA did not apply to R.R. The juvenile court then terminated Mother and Father's parental rights and selected adoption as the permanent plan.

4

DISCUSSION

Mother and Father contend the case should be remanded because CWS did not fulfill its duty of initial inquiry (§ 224.2, subd. (b)) when it failed to interview any extended family members about R.R.'s possible Indian ancestry. CWS argues it completed its initial inquiry but concedes the case should be remanded because it did not fulfill its duties of further inquiry (*id.* at subd. (e)). We agree the case must be remanded to ensure CWS and the juvenile court comply with its duties of initial and further inquiry.

An "Indian child" under ICWA is a child who either is a "member of an Indian tribe" or "is eligible for membership in an Indian tribe" because they are the biological child of a tribe member. (25 U.S.C § 1903; see also § 224.1, subd. (a) [adopting federal definition].) CWS and the trial court have an "affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child." (§ 224.2, subd. (a).) This duty "can be divided into three phases: the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice." (*In re D.F.* (2020) 55 Cal.App.5th 558, 566.)

Initial inquiry requires a child services agency to "ask[ ] the child, parents, legal guardian, Indian custodian, extended family members, [and any] others who have an interest in the child . . . whether the child is, or may be, an Indian child." (§ 224.2, subd. (b).) Extended family includes the child's grandparents, aunts and uncles, siblings, siblings-in-law, nieces and nephews, first and second cousins, and stepparents. (25 U.S.C. § 1903(2); § 224.1, subd. (c).) The initial inquiry also requires the juvenile court to ask each participant present at the first hearing whether they "know[ ] or [have] reason to know that [a] child is an Indian

5

child." (§ 224.2, subd. (c); see also California Rules of Court, rule 5.481(a)(2)(A).)

If the initial inquiry leads to information that gives the juvenile court or the child services agency "reason to believe" the child is or may be an Indian child, the court or agency "shall make further inquiry regarding the possible Indian status of the child . . . as soon as practicable." (§ 224.2, subd. (e).)

We review whether the inquiry requirements were met for substantial evidence. (*In re Q.M.* (2022) 79 Cal.App.5th 1068, 1079-1080; *In re J.K.* (2022) 83 Cal.App.5th 498, 504 (*J.K.*).) "The duty to develop information concerning whether a child is an Indian child rests with the court and the [child services agency], not the parents or members of the parents' families." (*In re Antonio R.* (2022) 76 Cal.App.5th 421, 430 (*Antonio R.*).) If the child services agency and juvenile court "fail[] to satisfy their statutorily-mandated duties under section 224.2, the matter must be remanded to remedy this error" unless "the record 'affirmatively reflects that the protections intended to be afforded through the exercise of that duty have been provided.' [Citation.]" (*J.K.*, *supra*, at p. 507; see also *Antonio R.*, *supra*, at p. 435 [failure to discharge duty of inquiry under ICWA results in prejudicial error].)

CWS's "first-step inquiry duty under ICWA and state law was broader, requiring it also to interview, among others, extended family members and others who had an interest in the child." (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; see also *J.K.*, *supra*, 83 Cal.App.5th at p. 507 [initial duties of inquiry were unsatisfied when CWS failed to ask extended family members about the child's potential Indian status]; *Antonio R.*, *supra*, 76 Cal.App.5th at p. 432 [although the mother denied Indian

6

ancestry, the juvenile court erred by concluding the department conducted adequate inquiry because it failed to inquire about maternal extended family members].)

Here, there is no substantial evidence that CWS and the juvenile court fulfilled its duty of initial inquiry. The record reflects Father was the only person CWS contacted to inquire about R.R.'s possible Indian ancestry on the paternal side of the family. After Father said he did not have Indian ancestry, CWS's inquiry of paternal relatives ended there. But CWS's duty of inquiry was not absolved simply because Father denied Indian ancestry. (*In re Y.W.* (2021) 70 Cal.App.5th 542, 554.) Father provided his father's name, told CWS he lived with his grandfather, and provided his grandfather's address. CWS also had the contact information for R.R.'s half-brother and communicated with the half-brother's mother who took care of R.R. during the dependency proceedings. Yet CWS made no attempts to ask these extended family members/persons who had an interest in R.R. about R.R.'s Indian ancestry.

Moreover, the record is unclear if CWS contacted more than a dozen of Mother and Father's extended family members but failed to inquire about R.R.'s Indian ancestry. CWS found four maternal family members and nine paternal family members in an online family search and sent letters to each person. But the record does not reflect that they were asked about R.R.'s potential Indian ancestry. Notably, the record does not indicate how each family member is related to Mother and Father and whether they qualify as "extended family" as statutorily defined. (§§ 224.1, subd. (c), 224.2, subd. (b) & 25 U.S.C. § 1903(2).) Nor does the record show if CWS made any successful contact with these relatives.

7

In any event, the parties agree the matter must be remanded because CWS and the juvenile court did not fulfill its duties of further inquiry. Based on Mother's assertion of Cherokee ancestry, CWS had reason to believe R.R. may have been an Indian child. It was thus required to conduct further inquiry. (§ 224.2, subd. (e).) In conducting further inquiry, CWS's duties include interviewing extended family members and sharing all information necessary for a membership or eligibility determination by the appropriate tribes. (§ 224.2, subd. (e)(2)(A), (C).)

But when it contacted the relevant Indian tribes and the BIA, CWS omitted information regarding the maternal grandfather, including his name and state of residence (Oklahoma). Therefore, CWS did not fulfill its duty because it sent incomplete information to the Indian tribes and the BIA. Such error was prejudicial, and the matter must be remanded to allow CWS to complete the information regarding R.R.'s extended family. (*Antonio R.*, *supra*, 75 Cal.App.5th at 435; *J.K.*, *supra*, 83 Cal.App.5th at p. 507.) Information necessary for a tribe to conduct membership or an eligibility determination includes information regarding the maternal grandfather, but also includes information, if any, that CWS may obtain upon its investigation of R.R.'s extended family members.

DISPOSITION

The August 12, 2022, order terminating parental rights is conditionally affirmed. The matter is remanded to the juvenile court for the limited purpose of allowing CWS and the juvenile court to comply with the inquiry requirements of section 224.2. The juvenile court is directed to order CWS to inquire of Mother and Father's available extended family members of R.R.'s Indian

8

ancestry and report the efforts and results of that inquiry to the court. The juvenile court is also directed to order CWS to provide further information, including information about maternal grandfather and, if any, information it obtains from its investigation with extended family members, to the identified tribes and the BIA. The juvenile court shall make ICWA findings at a noticed hearing. If the court finds ICWA inapplicable, the August 12, 2022, order terminating parental rights shall remain the order of the court. However, if the court determines that R.R. is an Indian child, it shall vacate the termination order and conduct further proceedings consistent with this opinion, including a new section 366.26 hearing that conforms with all relevant provisions of ICWA and the Welfare and Institutions Code.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


GILBERT, P. J.


YEGAN, J.

9

Gustavo E. Lavayen, Judge

Superior Court County of Santa Barbara

_____

Elizabeth C. Alexander, under appointment by the Court of Appeal, for Defendant and Appellant R.R. (Father).

Lelah S. Fisher, under appointment by the Court of Appeal, for Defendant and Appellant T.P. (Mother).

Rachel Van Mullem, County Counsel, Lisa A. Rothstein, Deputy County Counsel, for Plaintiff and Respondent.